# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERALD LANE,** | : CIVIL ACTION NO. 1:11-CV-2196 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **JAMES MCGRADY, et al.,** | : |
| Respondents | : |

## ORDER

AND NOW, this 16th day of October, 2012, upon consideration of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1)[1], in which petitioner alleges that he is entitled to immediate release because he is due credit toward his state sentence for time he served in New Jersey state custody, and petitioner having recently filed a notice of change of address (Doc. 17) indicating that he is residing at a private residence in Trenton, New Jersey, and a search of the Pennsylvania Department of Corrections Inmate Locator Database[2], and the VINElink system[3], confirms that petitioner was paroled from prison on September 11, 2012, thereby

---

[1] Petitioner is a state inmate who was housed at the State Correctional Institution at Retreat, Hunlock Creek, Pennsylvania at the time he initiated this action. (Doc. 1.)

[2] http://inmatelocator.cor.state.pa.us/inmatelocatorweb/

[3] "PA SAVIN is Pennsylvania's automated victim notification system. . . . This service provides crime victims, their families and their circles of support with free, confidential notification regarding an offender's release, transfer, or escape. The PA SAVIN service includes offenders under the supervision of county jails, state prisons and the Pennsylvania Board of Probation and Parole." https://www.vinelink.com/vinelink/initSearchForm.do?siteId=39000

rendering the petition moot, see Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies."); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."), it is hereby ORDERED that:

    1.    The petition for writ of habeas corpus (Doc. 1) is DISMISSED as moot.

    2.    The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge